UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSET ACCEPTANCE, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. 12-cv-1735-L(JMA) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 13, 2012, Plaintiff Michael Valdez commenced this class action against Defendant Asset Acceptance, LLC, asserting claims for invasion of privacy (under California Penal Code § 630 and common law) and negligence. Plaintiff filed this action based upon federal diversity jurisdiction under 28 U.S.C. § 1332(d)(2). Plaintiff is "informed and believes, and thereon alleges that Defendant is, and at all times mentioned herein was, a limited liability company whose primary corporate address [is] in Warren, Michigan." (Compl. ¶ 6.) He also alleges that jurisdiction is proper because Plaintiff seeks relief on behalf of a national class, "which will result in at least one class member belonging to a different state than that of Defendant[]." (*Id.* ¶ 3.)

For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "The citizenship of an LLC is the citizenship of its members." *Garcia v. Specialized Express, LLC*, No. ED CV 10-729, 2010 WL 2402889, at *1 (C.D. Cal. June 8, 2010). "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.  ANALYSIS

In order to invoke this Court's diversity jurisdiction for a class action, the Class Action Fairness Act ("CAFA") requires that at least one plaintiff is diverse from at least one defendant, and that the amount in controversy exceeds $5,000,000.  *Luther v. Countrywide Home Loans Servicing*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (citing 28 U.S.C. § 1332(d)(2)).  Plaintiff fails to satisfy the citizenship requirement under the CAFA.  *See* 42 U.S.C. § 1332.

Rather than "affirmatively and distinctly" alleging that the citizenship of any of Defendant's members are diverse from Plaintiff, he only alleges that Defendant is an LLC whose primary corporate address is in Warren, Michigan, and that "seek[ing] relief on behalf of a national class . . . will result in at least one class member belonging to a different state than that of Defendant[]."  (Compl. ¶¶ 3, 6.)  However, the former allegation is not relevant to determining jurisdiction, and the latter is a *prospective* assertion rather than one that is presently affirmative and distinct.  Therefore, this is not sufficient to satisfy the specific pleading requirements for diversity jurisdiction.

## III.  CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction.  *See Tosco*, 236 F.3d at 499; *see also Singh v. Fed. Nat'l Mortg. Ass'n*, No. CV 10-1918, 2011 WL 166337, at *1 (C.D. Cal. Jan. 13, 2011) (allegation of citizenship on information and belief is insufficient).  If Plaintiff can correct this deficiency in the complaint, he may file an amended complaint by **July 26, 2012**.  *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: July 13, 2012

M. James Lorenz
United States District Court Judge