**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
AssalAssassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcostlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL VALDEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** 3:12-cv-01735-L-JMA |
| Plaintiff, | <u>**CLASS ACTION**</u> |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| **ASSET ACCEPTANCE, LLC,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**          PAGE 1 OF 12

**1**

**INTRODUCTION**

**2** 1. MICHAEL VALDEZ ("Plaintiff") brings this class action for damages, injunctive relief,

**3** and any other available legal or equitable remedies, resulting from the illegal actions of

**4** ASSET ACCEPTANCE, LLC and its related entities, subsidiaries and agents

**5** ("Defendant") in willfully employing and/or causing to be employed certain wire-

**6** tapping, eavesdropping, recording and listening equipment in order to record, monitor or

**7** listen to the telephone conversations of Plaintiff without the knowledge or consent of

**8** Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's

**9** privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and

**10** experiences, and, as to all other matters, upon information and belief, including the

**11** investigation conducted by his attorneys.

**12** 2. California Penal Code § 632 prohibits one party to a telephone call from intentionally

**13** recording the conversation without the knowledge or consent of the other. Penal Code §

**14** 632 is violated the moment the recording is made without the consent of all parties

**15** thereto, regardless of whether it is subsequently disclosed. The only intent required by

**16** Penal Code § 632 is that the act of recording itself be done intentionally. There is no

**17** requisite intent on behalf of the party doing the surreptitious recording to break California

**18** or any other law, or to invade the privacy right of any other person. Plaintiff alleges that

**19** despite California's two-party consent rule, Defendant continues to violate Penal Code §

**20** 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone

**21** conversations with California residents.

**22**

**JURISDICTION AND VENUE**

**23** 3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the

**24** State of California, seeks relief on behalf of a California class, which will result in at least

**25** one class member belonging to a different state than that of Defendants, a limited liability

**26** company operating out of the State of Michigan. Plaintiff also seeks the greater of

**27** statutory damages of $5,000 per violation or three times actual damages per violation

**28** pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** PAGE 2 OF 12

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1
2
3

number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4
5
6

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and the County of San Diego.

7

**PARTIES**

8
9

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

10
11
12
13
14
15
16

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company whose primary corporate address in Warren, Michigan. Defendant has a policy and practice of recording and/or monitoring telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including California residents.

17

**FACTUAL ALLEGATIONS**

18
19
20
21
22

7. Defendant is, and at all times mentioned herein was, a professional corporation. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

23

8. At all times relevant, Plaintiff was an individual residing within the State of California.

24
25
26
27
28

9. Since January 2012, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendant. Plaintiff is informed and believes, and thereon alleges, that on certain occasions Defendant properly warns consumers that the conversation will be recorded while on other occasions Defendant does not warn consumers that the conversation is being recorded.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

10.    Specifically, on June 1, 2012, Defendant contacted Plaintiff by telephone in order to collect upon an alleged debt that Defendant was collecting from Plaintiff. After speaking with Defendant for a period of time, Plaintiff inquired as to whether the conversation was being recorded and Defendant responded for the first time that Defendant records all calls between Defendant and consumers.

11.    Each of these conversations with Plaintiff, were without Plaintiff's knowledge or consent, recorded, monitored, and/or eavesdropped upon by Defendant, causing harm and damage to Plaintiff. Prior to Plaintiff's query on the matter, Plaintiff was never informed that Plaintiff's telephone calls were being monitored, recorded, and/or eavesdropped upon. At no time during these calls did Plaintiff give consent for the telephone calls to be monitored, recorded and/or eavesdropped upon.

12.    During each of these conversations with Defendant, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

13.    Plaintiff had no reasonable expectation that any of Plaintiff's telephone conversations with Defendant would be monitored, recorded and/or eavesdropped upon due to the private subject matter being discussed.

14.    Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

15.    Plaintiff is informed and believes, and thereon alleges that from the beginning of 2011 to the present, Defendant has installed and/or caused to be installed certain wire-tapping, eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

---

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**      PAGE 4 OF 12

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

16. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

17. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

### CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

19. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendant within the four years prior to the filing of the original Complaint in this action."

20. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class

---

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant has a policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls;

b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, wiretapped, eavesdropped upon and/or monitored;

c. Whether Defendant's policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 631(a), 632(a) and/or 637;

d. Whether Defendant's policy of recording, wiretapping, eavesdropping upon, and/or monitoring incoming and/or outgoing calls constitutes an invasion of privacy;

e. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

f. Whether Defendants should be enjoined from engaging in such conduct in the future.

24. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

25. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

26. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

---

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**                    PAGE 6 OF 12

27. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 630 *ET SEQ.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

31. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1  parties thereto, regardless of whether it is subsequently disclosed that the telephone call

2  was recorded. The only intent required by Penal Code § 632 is that the act of recording

3  itself be done intentionally. There is no requisite intent on behalf of the party doing the

4  surreptitious recording to break California law or any other law, or to invade the privacy

5  right of any other person.

6  32. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or

7  caused to be employed certain wire-tapping, eavesdropping, recording, and listening

8  equipment on the telephone lines of all employees, officers, directors, and managers of

9  Defendant.

10  33. Plaintiff is informed and believes, and thereupon alleges, that all these devises were

11  maintained and utilized to overhear, record, and listen to each and every incoming and

12  outgoing telephone conversation over said telephone lines.

13  34. Said wire-tapping, listening, recording, and eavesdropping equipment was used to record,

14  monitor, or listen to the telephone conversations of Plaintiff and the members of The

15  Class, all in violation of California Penal Code §§ 631(a) and/or 632.6(a).

16  35. At no time during which these telephone conversations were taking place between

17  Defendant or any employee, agent, manager, officer, or director of Defendant, and any

18  other person, did Defendant inform Plaintiff or any other member of The Class that the

19  interceptions, eavesdropping, wire-tapping, listening, and recording of their telephone

20  conversations were taking place and at no time did Plaintiff or any other member of The

21  Class consent to this activity.

22  36. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the

23  members of The Class' right to privacy and a violation of California Penal Code § 630, *et*

24  *seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or

25  negligently and/or intentionally engaging in the aforementioned intercepting,

26  eavesdropping, wire-tapping, listening, and recording activities relative to the telephone

27  conversations between Plaintiff and The Class members, on the one hand, and Defendant

28  on the other hand, as alleged herein above.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

37. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

38. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### INVASION OF PRIVACY: COMMON LAW

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant invaded Plaintiff and the members of The Class' right to privacy by intentionally allowing the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversation with Plaintiff and the members of The Class and negligently maintaining the confidentiality of the information of Plaintiff and the members of The Class, as set for above.

41. The intrusion through the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversations with Plaintiff and the members of The Class and the negligently maintaining of the confidentiality of the information of Plaintiff and The Class, was offensive and objectionable to Plaintiff, the Class, and to a reasonable person of ordinary sensibilities.

42. The intrusion was into a place or thing which was private and which is entitled to be private, in that Plaintiff and The Class' personal conversations and information provided to Defendant were made privately, were intended not to be recorded, and were intended to be kept confidential and protected from unauthorized disclosure.

43. As a proximate result of Defendant's above acts, Plaintiff and The Class' personal conversations and information were intentionally wire-tapped, eavesdropped, recorded, and listened to, and then distributed and used by persons without prior written

1
2

authorization, and Plaintiff and The Class suffered general damages in an amount to be determined at trial according to proof.

3
4
5
6

44.  Defendant is guilty of oppression, fraud, or malice by permitting and intentionally wire-tapping, eavesdropping, recording, and listening to Plaintiff and The Class' personal conversations and information with a willful and conscious disregard of Plaintiff and The Class' right to privacy.

7
8
9
10
11
12

45.  Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and The Class great and irreparable injury in that the personal information maintained by Defendant can be distributed and used by unauthorized persons.  Plaintiff and members of The Class have no adequate remedy at law for the injuries in that a judgment for monetary sanctions will not end the invasion of privacy for Plaintiff and The Class.

13

### THIRD CAUSE OF ACTION

14

#### NEGLIGENCE

15
16

46.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17
18
19

47.  Defendant, as aforesaid herein, has various statutory and common law duties not to engage in the aforementioned wire-tapping, eavesdropping, recording, and listening conduct such that Plaintiff and The Class' rights to privacy were invaded and breached.

20
21

48.  Defendant negligently and recklessly engages in the aforementioned eavesdropping, wiretapping, recording, and listening conduct of Plaintiff and The Class.

22
23
24

49.  These activities of Defendant as aforesaid in this cause of action and in this Complaint, legally caused actual, statutorily-imposed and/or demonstrable damages to Plaintiff and The Class.

25
26
27
28

50.  As a result of Defendant's activities as aforesaid in this cause of action and Complaint, Plaintiff and The Class suffered damage as a result of the conduct of Defendant.  Plaintiff and The Class are entitled to their damages in an amount according to proof at the time of trial.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

1.     That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2.     For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

3.     Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

4.     That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

5.     For general damages according to proof;

6.     For special damages according to proof;

7.     For exemplary or punitive damages;

8.     For costs of suit;

9.     For prejudgment interest at the legal rate; and

10.     For such further relief as this Court deems necessary, just, and proper.

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1

**TRIAL BY JURY**

2      Pursuant to the seventh amendment to the Constitution of the United States of America,

3   Plaintiff is entitled to, and demands, a trial by jury.

4   Date: July 17, 2012

5
                                                   **KAZEROUNI LAW GROUP, APC**
6
                                          By:   /s Abbas Kazerounian
7                                                    Abbas Kazerounian

8                                                      **HYDE &SWIGART**

9                                          By:   /s Joshua B. Swigart
10                                                   Joshua B. Swigart

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KAZEROUNI LAW GROUP, APC**
**2700 N. Main Street, Ste. 1000**
**Santa Ana, California 92705**